IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARRIN GRUENBERG,

                Petitioner,                OPINION AND ORDER

    v.                                             08-cv-0524-slc

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

                Respondent.

---

Darrin Gruenberg, an inmate at the Green Bay Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. From the petition, its attachments and documents available electronically, I find that petitioner has fairly alleged the following facts.

ALLEGATIONS OF THE PETITION

On December 16, 1998, petitioner was charged in the Circuit Court for Green County of six counts of burglary and one count of bail jumping. Wisconsin Circuit Court Access, Green County Case No. 98 CF 137, available at http://wcca.wicourts.gov (last visited

1

October 8, 2008). Petitioner subsequently reached a plea agreement with the state in which he agreed to enter pleas of no contest to three counts of burglary (counts 2, 4, and 6) in exchange for the state's dismissal of the remaining counts. Petitioner entered his pleas on May 13, 1999. He was sentenced on June 23, 1999 to five-year terms on each count, with the counts to run consecutively.

Petitioner filed a notice of intent to seek postconviction relief, but never filed a postconviction motion or appeal.[1] Petitioner's conviction became final on or about November 22, 1999, 60 days after the last transcript was prepared.

Petitioner took no action to challenge his conviction until July 5, 2006, when he filed a postconviction motion in the trial court pursuant to Wis. Stat. § 974.06.[2] Petitioner sought to vacate his conviction on several grounds, one of which was that there was no

---

[1] Wisconsin's procedure for reviewing criminal convictions is set forth in Wis. Stat. §§ 974.02 and 974.06. Unless the grounds raised are insufficiency of the evidence or issues previously raised in the trial court, the first avenue for attack of a conviction is the filing of a postconviction motion under Wis. Stat. § 974.02, which must be filed within the time prescribed in Wis. Stat. § 809.30. Under Wis. Stat. § 809.30(2)(h), a person represented by the state public defender for purposes of seeking postconviction relief has 60 days after the receipt of the last transcript in the case in which to file a postconviction motion or appeal.

[2] The relevant portion of § 974.06(1) provides: (1) After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

factual basis to support his convictions on counts 2 and 4. The court agreed with petitioner as to count 4. Instead of vacating the entire judgment and reinstating the dismissed charges, the court set aside the conviction and sentence only as to count 4 and left the convictions on the remaining two counts intact.

On March 27, 2008, the Wisconsin Court of Appeals rejected petitioner's appeal from the unfavorable portion of the trial court's ruling. State v. Gruenberg, App. No. 2007 AP 381, attached to Br. in Supp. of Pet., dkt. #4, exh. 2. The court noted that although the trial court had the option of setting aside the entire negotiated plea agreement upon the vacation of count 4 if it determined that the state had been deprived of a meaningful portion of what it had bargained for, the issue had not been raised on appeal. Id. at n.3. Accordingly, the court did not address "whether that is still an available remedy here." Id. However, the state later moved to dismiss count 4, effectively disavowing any intent to prosecute petitioner for that count or to reopen the proceedings. The trial court granted the state's motion and dismissed count 4 on May 23, 2008. Wisconsin Circuit Court Access, Green County Case No. 98 CF 137, dkt. 126, available at http://wcca.wicourts.gov (last visited October 9, 2008). On July 28, 2008, the Wisconsin Supreme Court denied petitioner's petition for review.

On September 4, 2008, petitioner filed the instant petition for a writ of habeas corpus. He contends that his custody resulting from his convictions on counts 2 and 6 is in

3

violation of the Constitution of the United States because 1) his trial lawyer was ineffective for allowing him to enter into a "legally defective" plea agreement; and 2) the state courts failed to follow state law in refusing to appoint a lawyer to represent him in connection with his postconviction motion and subsequent appeal.

DISCUSSION

To be entitled to a writ of habeas corpus, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).

I begin with petitioner's second claim, that he was deprived of his constitutional right to counsel when neither the trial nor appellate court would appoint a lawyer to represent him with respect to his postconviction motion and subsequent appeal. The Supreme Court has held that "the right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Petitioner's opportunity to pursue a

4

direct appeal from his conviction expired in late 1999. Although his 2006 postconviction motion was technically an attack on his conviction, it was brought under Wis. Stat. § 974.06, which is a civil remedy and not a part of the original criminal case. State v. Escalona-Naranjo, 185 Wis. 2d 168, 176, 517 N.W. 2d 157 (1994) (noting that postconviction procedure under § 974.06 was "designed to replace habeas corpus as the primary method in which a defendant can attack his conviction after the time for appeal has expired") (citation omitted). When, as here, a defendant "attack[s] a conviction that has long since become final upon exhaustion of the appellate process," he has no federal constitutional right to counsel. Finley, 481 U.S. at 555 (citation omitted). Thus, petitioner's claim that he was denied his right to counsel on his state court collateral attack provides no legitimate basis for habeas relief. Further, even if he is correct that he was entitled to counsel under Wisconsin law, federal habeas corpus is not a remedy to correct errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Petitioner's claim of ineffective assistance of counsel rests on faulty legal grounds, as well. Petitioner contends that his lawyer provided constitutionally defective performance when he allowed petitioner to plead no contest to a count (count 4) that lacked a sufficient factual basis. However, the trial court set aside both petitioner's conviction and sentence on count 4 and the state subsequently dismissed the count. This means that petitioner is not and never will be "in custody" for count 4. Because habeas relief is available to a state

5

prisoner "only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a) (emphasis added), any error that counsel committed with respect to count 4 is not cognizable. Virsnieks v. Smith, 521 F.3d 707, 721-22 (7th Cir. 2008) (each of petitioner's claims must satisfy in-custody requirement).

Although petitioner asserts in his brief that his lawyer's alleged ineffectiveness with respect to count 4 "places a spotlight on the integrity and validity of the entire plea agreement," he makes no suggestion that his pleas to counts 2 and 6 were undermined by the lack of a factual basis with respect to count 4. The fact that one count to which petitioner pleaded guilty lacked a sufficient factual basis is not enough by itself to show either that petitioner's plea was involuntary or that his lawyer was ineffective. Higgason v. Clark, 984 F.2d 203, 207 (7th Cir. 1993) (factual basis for plea is not constitutional requirement; constitution requires only that plea "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant'") (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Notably, petitioner presents no evidence that he would not have entered pleas of no contest to counts 2 and 6 had he known that the complaint failed to allege a sufficient factual basis as to count 4, much less that he would have forgone the entire plea agreement and proceeded to trial on *all* of the counts alleged in the complaint. Hill v. Lockhart, 474 U.S. 52, 59 (1985) (petitioner who claims that his guilty plea was induced by lawyer's deficient performance must show that he would not have

6

pleaded guilty if properly counseled). Indeed, petitioner now stands in a better position than was afforded to him by the plea agreement: the state did not attempt to withdraw the entire plea agreement and reinstate the original complaint, as it could have done, see State v. Roou, 2007 WI App 193, but instead it dismissed count four. Absent some showing that the invalidity of count 4 infected the entire plea agreement, there is no basis from which to conclude that petitioner is "in custody" as a result of his lawyer's having allowed him to enter a plea of no contest to a count that has since been vacated.

There is another reason why petitioner is not entitled to federal habeas relief: he filed his petition too late. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year limitations period for all habeas proceedings. 28 U.S.C. § 2244. in general, a state prisoner must file his federal petition within one year from the date on which his conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A). (Although there are alternative starting points, § 2244(d)(1)(B)-(D), none of them apply here.) Petitioner's conviction became final in late 1999, when his deadline expired for filing either a postconviction motion under Wis. Stat. § 974.02 or a direct appeal. Accordingly, petitioner had until late 2000 in which to file a federal habeas petition. He did not take *any* action to challenge his conviction until July 2006, and did not file his federal petition until September 2008.

7

Petitioner argues that his federal deadline should begin to run from February 8, 2007, the date on which the state trial court amended his judgment of conviction. However, the court vacated the conviction and sentence only on count 4, and left the convictions on the remaining two counts and sentences intact. The setting aside of only one count of the judgment did not affect the finality of the other two counts or otherwise restart petitioner's federal habeas clock with respect to those counts.

ORDER

IT IS ORDERED that the petition of Darrin Gruenberg for a writ of habeas corpus is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 22nd day of October, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge