IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARRIN A. GRUENBERG,

            Petitioner,                      ORDER

    v.                                                            08-cv-0524-slc

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

            Respondent.

---

On September 4, 2008, petitioner Darrin Gruenberg filed a petition for a writ of habeas corpus raising the following challenges to his confinement: 1) his trial lawyer was ineffective for allowing him to enter into a "legally defective" plea agreement because there was no factual basis for one of the three counts to which petitioner agreed to plead no contest; and 2) the state courts failed to follow state law in refusing to appoint a lawyer to represent him in connection with his postconviction motion and subsequent appeal. October 22, 2008, I entered an order and judgment dismissing Darrin Gruenberg's petition for a writ of habeas corpus on the grounds that there was no merit to his claims for relief and that his petition was untimely. Petitioner now has filed a notice of appeal, a request for leave to proceed *in forma pauperis* on appeal and a motion for a certificate of appealability.

The background of this case is set forth in the October 22 order and incorporated herein by reference. Under 28 U.S.C. § 2253(c)(1), a petitioner may not appeal the final

order in a habeas corpus proceeding unless either this court or a circuit court justice issues a certificate of appealability. A certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner is not entitled to a certificate of appealability. Petitioner insists that his entire judgment of conviction is invalid as a result of the state court's decision to vacate one count on the ground that it lacked a factual basis. However, as I explained in the October 22 order, a plea and resulting conviction may still be constitutionally valid even if it lacks a factual basis. Higgason v. Clark, 984 F.2d 203, 207 (7th Cir. 1993) (factual basis for plea is not constitutional requirement; constitution requires only that plea "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant'") (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Although petitioner makes the conclusory assertion that he would not have entered into the plea agreement and would have proceeded to trial on all counts had he known count four lacked an adequate factual basis, his self-serving statements are not enough to meet his burden to show prejudice. United States v. Winston, 34 F.3d 574, 579 (7th Cir. 1994) ("mere

2

conclusions" insufficient to demonstrate that but for lawyer's error, defendant would not have pleaded guilty).  Notably, petitioner never says *why* the adequacy of the factual basis for count four mattered to him when he was deciding whether to accept the plea agreement. In the absence of facts showing a reasonable probability that his plea to counts 2 and 6 were affected by the invalidity of count 4, reasonable jurists would agree that petitioner should not be encouraged to proceed further.

Also, reasonable jurists would not debate the correctness of my conclusion that the petition is untimely.  As recounted in the October 22 order, petitioner did not take any action to challenge his conviction until roughly seven years after his conviction became final.

The next question is whether petitioner should be allowed to proceed *in forma pauperis* on appeal.  To allow petitioner to proceed *in forma pauperis* on appeal, the court need find only that petitioner is bringing his appeal in good faith, that is, that reasonable people would suppose the appeal has some merit.  Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000).  Although this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it.  Reasonable people would not suppose there is any merit to petitioner's appealing this case when he has failed to offer any credible or legally sound explanation how the vacation of count four affected the validity of his pleas to counts 2 and 6.

ORDER

IT IS ORDERED THAT:

1. Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 18th day of November, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge